Nevius, J.
This case is submitted to the court upon the written arguments of counsel. The pleadings are not exhibited hut-from the briefs it appears, that the questions which the parties intend to present, arise upon a single count in the declaration, which is for goods, wares and merchandise, and timber sold and delivered, and for use and occupation. It does not appear from any paper shown to the court, what was the defendants’ plea, but from the argument we infer it to be the general issue.
Under this issue, the plaintiffs upon the trial proved, that the defendant entered upon a tract of land belonging to their intestate, in the life-time of said intestate, by virtue of a contract of sale • and being in possession, he cut wood, converted it into coal and sold it in market, after the intestate’s death. Upon this, the plaintiffs base an implied legal contract for goods and timber sold, and for use and occupation.
This claim is not supported by any evidence of an express contract, and if it can be sustained at all, it must be upon an implied contract which the law raises. There was no express contract between the original parties, nor is there any evidence of an express promise by the defendant to the plaintiffs as administrators of Wyckoff Conover their intestate. Will the law raise such promise ? I think not. No action can be maintained for use and occupation, where the relation of landlord and tenant does not exist. 13 John. R. 489. And that relation does not exist where the defendant enters upon land under a contract of purchase and sale and for a deed. 6 J. R. 46. This claim, then, for u°e and occupation, is not sustained by the evidence.
B it the case stated shows, that the court upon its own responsibi.i y, after the plaintiff had rested, anda motion to non-suit had been argued and refused, overruled all the evidence as to the *216 contract of sale. As this evidence was offered by the plaintiff and without objection on the defendants’ part, it would seem rather an extraordinary order, but whether right or wrong it destroys every possible presumption of the relation of landlord and tenant, existing between the defendant and the plaintiffs intestate, and overcomes all pretence of right on their part to recover for use and occupation.
Nor is their claim for goods and timber sold and delivered, any better supported. Such claim cannot be founded upon an express or implied contract. There was certainly no express contract, and the evidence will not raise in law an implied one. The evidence may prove the defendant a trespasser, but the plaintiffs cannot convert a trespass into a contract. The wood and timber was cut by the defendant in the life-time of the plaintiff’s intestate. The cause of action therefore, if any, was in tort and not in contract; or if in contract, it was not for timber sold, but for money had and received, the proceeds of the timber which the defendant had converted into coal and sold after intestates death. Such an action might perhaps under the circumstances of the case be sustained.
The court below too, committed an error in overruling all the evidence offered to show that the defendant entered under a contract of sale. Such evidence was lawful, as it went to prove, that the wood was cut and coaled by the intestate’s permission.
■ Again, the timber was converted into coal after intestate’s death, the promise therefore if any, implied or express, must have been to the administrators and not to the intestate.
I am of opinion that the judgment should be reversed.
Hornblower, C. J. and White, J. concurred.
Ford, J. absent.

Judgment reversed.

Cited in Van Valkenburg v. Den. 3 Zab. 587; Freeman v. Headly, 4 Vr. 534.